IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WARREN HOWARD                                                          PLAINTIFF

v.                                                    CAUSE NO. 1:16CV127-LG-RHW

FORD MOTOR COMPANY and
GENERAL MOTORS LLC                                                   DEFENDANTS

MEMORANDUM OPINION AND ORDER
GRANTING MOTIONS TO DISMISS

BEFORE THE COURT are motions to dismiss filed by defendants Ford

Motor Company and General Motors LLC.  Warren Howard alleges in his

Complaint that the defendants infringed his patent for an automobile seat belt

safety device.  Each motion has been fully briefed.  After due consideration of the

parties' submissions and the relevant law, it is the Court's opinion that plaintiff

Howard's patent expired prior to the alleged infringing action by General Motors.

Accordingly, the claim against General Motors will be dismissed.  As for the claim

against Ford Motor Company, Ford has shown that Howard's pleadings are

insufficient to state a claim of patent infringement.  The claim against Ford will

therefore also be dismissed.  Dismissal of all claims is with prejudice, in as much as

the pleadings establish that Howard will be unable to amend his Complaint to state

valid claims for infringement of the patent.

BACKGROUND

Howard, who is proceeding *pro se*, alleges that he was granted a utility

patent[1] on March 7, 1995, for his invention, "an audio system seat belt safety device that I call 'Click to Play – C2P.'"  (Compl. 2, ECF No. 1).  "It is a lifesaving technology which <u>will not allow the radio</u> to come on <u>unless the seat belt is buckled</u>." *Id*. (emphasis in original).  Howard alleges that he tried to interest the defendants in licensing his invention after it was patented, and was told that "it sounded like a good idea but I needed some letters of support and indication that the public would benefit from this invention."  (*Id*.)  Between 2000 and 2003, Howard obtained letters of support from a number of state governors, as well as Mississippi's U.S. senators and a member of the U.S. House of Representatives.  (Compl. Ex. 3, ECF No. 1-4).  His invention also received publicity from the Sun-Herald newspaper in 2005. (Compl. Ex. 4, ECF No. 1-5).

Howard alleges that both Ford and General Motors used his C2P technology without his permission.  He alleges that Ford incorporated his C2P technology into its My Key System, and General Motors incorporated his C2P technology into its Teen Driver Report Card system offered for the 2016 Chevrolet Malibu.  (Compl. 3, 5, ECF No. 1).  Howard alleges that both systems require a driver to fasten the seatbelt to unmute the radio, which is technology protected by his patent.

General Motors argues that Howard's claim against it should be dismissed because 1) he has not alleged which of the five patent claims are infringed by the

---

[1] "A utility patent is the traditional patent that protects an invention of a process, machine, article of manufacture, or composition of matter."  1 Ann. Patent Digest § 1:18 (citing 35 U.S.C. § 101).

Teen Driver Report Card system or how each and every limitation of at least one claim of the patent is present in the Teen Driver system; and 2) Howard's patent expired before the Teen Driver system was introduced in the 2016 Malibu. Ford's Motion argues only the first point above – that Howard failed to adequately state an infringement claim.

DISCUSSION

A.  The Legal Standard

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege sufficient facts that, taken as true, state a claim that is plausible on its face." *Amacker v. Renaissance Asset Mgmt. LLC,* 657 F.3d 252, 254 (5th Cir. 2011). "To survive a motion to dismiss, a complaint must contain . . . factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The complaint "does not need detailed factual allegations," but the facts alleged must "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

Until recently, a complaint for patent infringement did not require the specificity of *Iqbal* and *Twombly*, but was to be measured by the specificity required by Form 18 of the Federal Rules of Civil Procedure. *See, e.g., Regents of the Univ. of Minn. v. AT&T Mobility LLC*, 135 F. Supp. 3d 1000, 1006 (D. Minn. 2015). Form 18 did "not require a plaintiff to plead facts establishing that each element of an asserted claim is met[,] . . . [or] even identify which claims it asserts are being

infringed." *Id*. (citation omitted).  However, Form 18 was abrogated by amendments to the Rules effective December 1, 2015 – prior to the filing of Howard's complaint.  Therefore the *Iqbal/Twombly* pleading standard applies to this patent infringement case, as it does to all other civil cases.  *See Robern, Inc. v. Glasscrafters, Inc.*, No. 16-1815, 2016 WL 3951726, at *4 (D. N.J. July 22, 2016).

In deciding this Motion, the Court may examine Howard's Complaint, the documents he attached to his Complaint, and any documents attached to the Motion to Dismiss to which the Complaint refers and which are central to Howard's claims. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  The Court must follow Federal Circuit Court precedent in determining whether Howard's allegations are sufficient to meet the Rule 12(b)(6) standard. *Foster v. Hallco Mfg. Co., Inc.*, 947 F.2d 469, 475 (Fed. Cir. 1991).

B.  Patent Infringement

Generally, a claim for direct infringement of a utility patent arises under the federal Patent Act, 35 U.S.C. § 1, *et seq*.  Such a claim arises when any person without authority makes, uses, offers for sale, or sells any patented invention during the term of the patent.  35 U.S.C. § 271(a).  The Court has jurisdiction of this patent infringement claim under 28 U.S.C. § 1338.

1.    The Term of the Patent

The Supreme Court recently discussed the term and enforcement of patent rights in a case involving a Spider-Man toy.

> Patents endow their holders with certain superpowers, but only for a
> limited time.  In crafting the patent laws, Congress struck a balance
> between fostering innovation and ensuring public access to discoveries.
> While a patent lasts, the patentee possesses exclusive rights to the
> patented article – rights he may sell or license for royalty payments if
> he so chooses.  *See* 35 U.S.C. § 154(a)(1).  But a patent typically expires
> 20 years from the day the application for it was filed.  *See* § 154(a)(2).
> And when the patent expires, the patentee's prerogatives expire too,
> and the right to make or use the article, free from all restriction,
> passes to the public.  *See Sears, Roebuck & Co. v. Stiffel Co.*, 376 U.S.
> 225, 230, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964).

*Kimble v. Marvel Entm't, LLC*, 135 S. Ct. 2401, 2406-07 (2015).

Howard's patent was issued on March 7, 1995, and therefore a modification to the normal period applies.  *See* 35 U.S.C. § 154(c)(1).[2]  As a result of the required modification, Howard's patent was effective for seventeen years from the date it was issued.  General Motors contends that Howard's patent on the C2P system expired, at the latest, on March 7, 2012.[3]  Because Howard alleged that General Motors used the C2P technology in its 2016 model year Malibu – at least three years after the patent expired – Howard has not alleged a violation of the Patent Act.

Howard makes no argument concerning the patent expiration issue in his response to General Motors' Motion.  As there is no indication in the pleadings that a different expiration date should apply, the Court concludes that General Motors

---

[2]  The statute provides: "The term of a patent that is in force on or that results from an application filed before the date that is 6 months after the date of the enactment of the Uruguay Round Agreements Act shall be the greater of the 20-year term as provided in subsection (a), or 17 years from grant, subject to any terminal disclaimers."  35 U.S.C. § 154(c)(1).

[3]  If the twenty-year period from application date applied, Howard's patent would have expired two months earlier, on January 13, 2012.

has shown that the allegations of the Complaint do not state a claim of patent infringement against General Motors.  It is apparent from the face of the Complaint that the right to use the patented technology had passed to the public before the allegedly infringing product was made or sold.  The claim against General Motors will be dismissed with prejudice.

> 2.     Sufficiency of the Infringement Allegations

United States patents contain three primary parts: the specification; the drawings; and the claims.  1 Ann. Patent Digest § 1:21.  The claims are "a series of numbered paragraphs where the patent applicant defines in concise terms the specific invention that the patent applicant particularly claims as his invention."  *Id* § 1:24.  The "[a]nalysis of patent infringement starts with 'construction' of the claim, whereby the court establishes the scope and limits of the claim, interprets any technical or other terms whose meaning is at issue, and thereby defines the claim with greater precision than had the patentee."  *Pall Corp. v. Hemasure Inc.*, 181 F.3d 1305, 1308 (Fed. Cir. 1999).  Claim construction is a matter of law for the Court.  *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1290 (Fed. Cir. 2015).  However, the Court must only construe *disputed* claims or claim limitations.  *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008).  It is not necessary for the Court to construe any of the claims of Howard's patent, because there are no disputed terms.

Howard's response highlights language in the "summary of the invention" portion of the patent.  (Pl. Resp. 1, ECF No. 16).  The statement is that "[t]he

improvement lies in the interconnection of seat use sensor and seat belt use sensor
to control the vehicles secondary, passenger convenience functions, notably the
radio or stereo or the heating or air conditioning systems."  He appears to argue
that the disjunctive "or" in the summary should defeat the conjunctive "and" in the
claims.  The language of the patent summary does not control however, as "it is the
*claims* that measure the invention."  *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775
F.2d 1107, 1121 (Fed. Cir. 1985) (emphasis in original).

Howard's patent contains five claims, as follows:

1.  An apparatus for inducing seat belt usage by occupants of a vehicle
comprising: means, responsive to occupancy of a vehicle seat by an
occupant, for generating a first signal; means, responsive to latching of
a seat belt by an occupant, for generating a second signal; means
comprising: means responsive to said first and said second signal, for
controlling electrical power to accessible vehicle accessory power
outlets and to a vehicle heater.

2.  The apparatus of claim 1 comprising: means responsive to said first
and said second signal, for controlling electrical power to accessible
vehicle accessory power outlets and to a vehicle air conditioner.

3.  The apparatus of claim 1, further comprising: said means for
generating a first signal being a normally closed electrical switch,
switching to an open condition responsive to the deflection of a seat
under the weight of an occupant; said means for generating a second
signal being a normally open electrical switch, switching to a closed
condition responsive to the latching of a seat belt; said means for
generating a first signal being electrically parallel with said means for
generating a second signal.

4.  The apparatus of claim 2, further comprising: said means for
generating a first signal being a normally closed electrical switch,
switching to an open condition responsive to the deflection of a seat
under the weight of an occupant; said means for generating a second
signal being a normally open electrical switch, switching to a closed
condition responsive to the latching of a seat belt; said means for

generating a first signal being electrically parallel with said means for generating a second signal.

5.  In a vehicle having seats and passive occupant restraints corresponding to the seats, having sensors generating signals responsive to occupancy of one or more seats, having sensors generating signals responsive to latching of a passive occupant restraint corresponding to an occupied seat, having controlling means responsive to the sensors for inhibiting operation of one or more vehicle systems, having one or more units of the group consisting of air heating and air conditioning the improvement comprising: said controlling means inhibiting all power to accessible vehicle accessory power outlets and to at least one said unit.

U.S. Patent No. 5,394,955 (filed Jan. 13, 1992).  "[A patent] claim may be either 'independent' or 'dependent.'"  *Sevenson Envtl. Servs., Inc. v. United States*, 76 Fed. Cl. 51, 58 (2007) (citing 35 U.S.C. § 112).  "An independent claim stands on its own as stated in a single claim, while a dependent claim refers to and adds a further limitation upon a previously stated claim."  *Id.*  Howard's patent contains two independent claims (one and five) and three dependent claims (two, three and four).

Howard bases his claim against Ford on a document attached to his Complaint announcing the Ford MyKey system.  The document states that for the 2010 year,

Ford is introducing a new programmable key that will allow parents to pre-set speed and audio controls for younger drivers . . . includ[ing] seat belt reminders (such as a radio that stays on mute until the belt is buckled), top speed limiters, speed warning chimes as preset intervals, radio sound set to a maximum output of 44 percent and disabling deactivation of safety aids such as traction control, parking aids and blind spot assistance.

(*See* Compl. Ex. 2, ECF No. 1-3).

Ford contends that Howard's allegations show he cannot state a plausible

patent infringement case.  Howard has alleged a common element between his patent and the defendants' systems – the radio will not operate if an occupant's seat belt is not engaged.  But all five claims of the '955 patent require that the "vehicle heater" or one or more of the "air heating and air conditioning" systems also will not operate unless an occupant's seat belt is engaged.  Ford argues that Howard fails to allege that the MyKey system affects the heater or the air heating and air conditioning systems on its vehicles.  Ford argues that Howard's Complaint and its attachments affirmatively show no infringement, and therefore Howard has pleaded a set of facts that make patent infringement implausible.

The Court treats the pleaded facts as true and in the light most favorable to Howard.  The facts of record show that Howard's C2P system and Ford's MyKey system have one function in common, and that is muting the radio until the seat belt is engaged.  The C2P system controls aspects of a vehicle that MyKey does not, and vice versa.  When all of the facts alleged by Howard are assumed to be true, the Court cannot conclude it is plausible that Ford infringed Howard's patent.

A patent claim is infringed when "the accused device contains *each and every limitation* of the asserted claims."  *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1215 (Fed. Cir. 2014) (citing *Presidio Components, Inc. v. Am. Tech. Ceramics, Corp.*, 702 F.3d 1351, 1358 (Fed. Cir. 2012) (emphasis in original)).  "Claim limitations are the words in a patent claim that delineate the necessary elements of the patented invention."  *Trinity Indus., Inc. v. Rd. Sys., Inc.*, 121 F. Supp. 2d 1028, 1033 (E.D. Tex. 2000).  "'If any claim limitation is absent from the accused device,

there is no literal infringement as a matter of law.'" *Ericsson, Inc.*, 773 F.3d at 1215 (quoting *Bayer AG v. Elan Pharm. Res. Corp.*, 212 F.3d 1241, 1247 (Fed. Cir. 2000)).

The words in Howard's five patent claims delineate either "controlling electrical power to accessible vehicle accessory power outlets and to a vehicle heater" (claim 1), or "having one or more units of the group consisting of air heating and air conditioning" (claim 5), as necessary elements of the C2P system.  According to the pleadings, these limitations are absent from Ford's MyKey system.  Howard's allegations fail to state a claim that Ford infringed patent '955.  The claim against Ford will therefore be dismissed with prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [8] to Dismiss filed by Ford Motor Company and the Motion [18] to Dismiss filed by General Motors LLC are **GRANTED**.  Plaintiff's claims against the defendants are **DISMISSED** with prejudice.

**SO ORDERED AND ADJUDGED** this the 29th day of July, 2016.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE